IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00083-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  FRANCIS F. JOSEPH,

    Defendant.

___

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR A NEW TRIAL PURSUANT TO FED. R. CRIM. P. 33**

___

The United States of America, by and through undersigned counsel, respectfully submits its opposition to defendant Francis F. Joseph's ("the defendant") Motion for a New Trial Pursuant to Federal Rule of Criminal Procedure 33.  ECF No. 202.

**I.    Introduction**

After nearly a week of evidence and argument, the jury convicted defendant on one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of theft or embezzlement in connection with health care in violation of 18 U.S.C. § 669 related to the defendant's scheme to defraud United States government programs that distributed money to people and businesses in need during the COVID-19 pandemic.[1]  The jury's

---

[1] The jury acquitted the defendant of theft of government property in violation of 18 U.S.C. § 641.

verdicts were consistent with the overwhelming evidence presented at trial and with the applicable law.

In his motion for a new trial, the defendant seeks to relitigate a non-dispositive issue—the ownership of his company—as evidence that would have fundamentally altered the verdict. Specifically, the defendant claims that in two related bankruptcy proceedings, a trustee found *post-trial* that the defendant was the sole shareholder and sole director of his former medical practice Spring Medical Associates ("SMA") under Colorado law. The defendant argues these findings constitute newly discovered evidence that did not exist at trial and "resolve the precise legal question the jury was never allowed to answer." Def.'s Mot. at 2-3. The defendant further argues that "if [he] owned SMA and possessed legal authority over its finances … [t]ransactions the prosecution labeled fraudulent become acts taken by the lawful owner of the entity itself."[2] Id. at 3.

The defendant's attempt to reduce the verdict to a dispute over ownership oversimplifies the record and misstates the law. First, a trustee's post-trial asset characterization is not newly discovered evidence, especially if the trustee's findings are based on underlying materials that were extant at the time of trial. Second, the defendant at trial presented evidence and argument that he believed he was the rightful owner and operator of SMA. At best, the proffered additional evidence regarding ownership would

---

[2] Many of the defendant's claims about the facts and findings in the bankruptcy proceedings appear unsupported by the defendant's citations and may be unsubstantiated. For example, the defendant cites to "Bankr. ECF No. 52" for the proposition that "the trustee stated that 'it is undisputed that Dr. Joseph was the sole shareholder and director when the underlying case was commenced.'" (Def.'s Mot. at 7.) But that quotation does not appear to be in the docket entry at ECF No. 52 in either bankruptcy proceeding cited by the defendant.

2

merely be potential impeachment material for the government's witnesses. Finally, the defendant has failed to show how this evidence would even be admissible in a new trial, let alone that it would probably result in an acquittal. A post-trial finding that did not exist at the time of the charged crimes could not have impacted the defendant's intent at that time. The defendant's motion fails to present any cognizable basis for granting his request for a new trial and should be denied.

## II. Legal Standard for a New Trial

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A motion for a new trial is not regarded with favor and is only issued with great caution." United States v. Herrera, 481 F.3d 1266, 1269-70 (10th Cir. 2007). To prevail, a defendant must prove: (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by his own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal. United States v. McCullough, 457 F.3d 1150, 1167 (10th Cir. 2006). Because a jury's guilty verdict is presumptively valid, the defendant bears the burden of demonstrating that a new trial is warranted. See id.

## III. The Trustee's Post-Trial Legal Characterization of Assets Is Not Newly Discovered Evidence

The defendant's motion is premised on the bankruptcy trustee's post-trial characterization of asset ownership, that is, SMA. But Rule 33 is concerned with the discovery of new historical facts, not subsequent legal conclusions or interpretations of

3

evidence that existed at the time of trial. The Tenth Circuit requires a defendant to show that the evidence was discovered after trial and that the failure to learn of it was not due to lack of diligence. See United States v. Gwathney, 465 F.3d 113, 1144 (10th Cir. 2006) (evidence is not newly discovered where the defendant was aware of the underlying facts prior to trial); United States v. Herrera, 481 F.3d at 1271; United States v. Combs, 267 F.3d 1167, 1176 (10th Cir. 2001); United States v. Stevens, 978 F.2d 565, 570 (10th Cir. 1992). Here, the trustee's conclusions reflect legal judgments about asset ownership under the Bankruptcy Code and Colorado law. The conclusions are not new historical facts regarding the defendant's conduct, knowledge, or intent at the time of the charged offenses. The defendant himself acknowledges that the trustee's findings were derived from various corporate and financial records such as SMA's bylaws, corporate records, assignments, agreements, emails, and financial transactions—all of which would have predated the defendant's trial. Def.'s Mot. 7. To the extent the trustee's conclusions rest on corporate records, financial documents, testimony, and transactions that existed before trial, they are not newly discovered evidence under Rule 33. The defendant had direct access to these materials and was uniquely positioned to obtain and present them at trial, many of which were in fact litigated before this Court on their admissibility during trial. See, e.g., Trial Tr. Jan. 10, 2023, at 232:7-238:7 (arguments and ruling on admissibility and redactions of Government Exhibit 107 regarding the El Paso County court findings of fact, conclusions of law and order).

Moreover, the trustee's findings do not identify previously unknown historical facts regarding the corporate structure of SMA. In fact, the jury heard evidence of SMA's

corporate structure through corporate documents, the Joint Action Agreement between the defendant and Eric Paplini ("Papalini"), the El Paso County hearing testimony and court order, and competing claims of ownership and control over SMA between the defendant and Papalini. See, e.g., Gov't Exs. 101, 103, 107, 109; Def. Exs. A, I, J, O. The defense presented evidence and argument, including during the defendant's own testimony at trial, that the defendant believed he had the right to take actions on behalf of SMA as the owner, including opening bank accounts, applying for loans, and moving and spending money from the business accounts. See, e.g., Trial Tr. Jan. 12, 2023, at 32:5-33:1; 38:9-11; 44:12-46:25; 56:5-8; 74:19-75:8; 86:4-13; Trial Tr. Jan. 13, 2023, at 193:5-199:10. Furthermore, to the extent these issues bear on the defendant's intent, a post-trial finding that did not exist at the time of the charged crimes could not have impacted the defendant's intent at that time and is thus irrelevant.

At most, the trustee's findings are a newly created *legal* finding under applicable bankruptcy legal standards, not newly discovered evidence. The defendant seeks to use Rule 33 to obtain a new trial whenever a subsequent civil court applies the law to the same historical facts differently than the jury did. Accepting the defendant's argument would permit collateral civil proceedings to reopen criminal convictions whenever a later court interprets existing evidence differently, thereby undermining the finality of jury verdicts and the strict limits imposed by Rule 33. The defendant has failed to show he has met the first prong of Rule 33 and his motion for a new trial on that basis alone should be denied.

### IV.     The Trustee's Findings Are Merely Impeaching

Even if the Court were to consider the trustee's post-trial conclusions as newly discovered evidence, the defendant still cannot satisfy Rule 33 because the trustee's findings regarding ownership would, at most, merely be potential impeachment material for government's witnesses, rather than independent evidence. The government introduced evidence regarding ownership as part of its narrative explaining the defendant's conduct, but ownership was not an element of any of the charged offenses. Moreover, as discussed above, the defendant was allowed to present evidence and argument at trial that he believed he was the rightful owner of SMA. The jury rejected this theory. The trustee's conclusions are cumulative of that evidence and argument already presented, and do not negate the defendant's false statements, misappropriation of government funds, or fraudulent intent. At most, they provide additional support regarding the defendant's perceived role at SMA at the time of his crimes rather than introduce exculpatory facts about the defendant's conduct or intent. Evidence that merely furnishes an additional basis on which to challenge the credibility of the government's witnesses is insufficient under Rule 33. See United States v. Sinclair, 109 F.3d 1527, 1531 (10th Cir. 1997). Thus, the trustee's post-trial conclusions do not establish the defendant did not lie, misappropriate funds, or act with fraudulent intent, and do not provide grounds for relief under Rule 33.

### V.     The Defendant Cannot Show the Trustee's Findings Would Probably Produce an Acquittal

Even assuming the trustee's post-trial conclusions could be deemed newly discovered and more than merely impeaching, they would not probably produce an

6

acquittal and therefore do not warrant a new trial under Rule 33. The defendant mischaracterizes the government's case and improperly treats ownership as dispositive of criminal liability, but a lawful owner may still commit fraud through the same misrepresentations that were proven at trial. While ownership was a disputed fact during trial, it was not an element of the charged offenses. Rather, it provided background context for evaluating the defendant's conduct.

As an initial matter, the defendant cannot show that the trustee's post-trial conclusions would probably produce an acquittal because those conclusions would not be admissible at a new trial. The trustee's conclusions reflect a civil fiduciary's legal characterization of corporate ownership for estate-administrative purposes, not admissible factual testimony. Such legal conclusions are inadmissible hearsay, irrelevant, and would risk confusion and undue prejudice by presenting the jury with an authoritative civil determination with a lower burden of proof. The probative force of this new finding is negligible given that it could not have impacted the defendant's intent at the time of the charged conduct. In fact, both sides at trial were already appropriately limited from introducing evidence and argument about related civil proceedings that predated, let alone postdated trial. See Trial Tr. Jan. 10, 2023, at 232:18-24. Because the trustee's conclusions are not admissible, they cannot satisfy Rule 33's requirement that the evidence would probably produce an acquittal.

But even if admitted, they would not undermine the jury's verdict or likely produce an acquittal, because a post-hoc determination of ownership status does not negate the defendant's fraudulent intent to commit the charges offenses at the time they were

committed. Moreover, the trustee's conclusions would also be cumulative to the defendant's ownership theory of intent that the jury already considered and rejected. The defendant himself repeatedly argued his position and perceived authority over SMA and argued the jury's focus should be the defendant's intent at the time of the fraudulent conduct. Despite these arguments presented at trial and again in the defendant's instant Rule 33 motion, the jury heard ample evidence supporting the convictions, including that the defendant applied for loans with false certifications, misappropriated funds through various bank accounts, and admitted to lying under oath about how he spent federal funds. Even if the trustee's conclusions regarding ownership are credited, that conclusion does not undermine the jury's findings that the defendant acted with fraudulent intent at the time of the charged crimes and the jury could still find the defendant guilty beyond a reasonable doubt. Accordingly, the trustee's civil conclusions regarding ownership would not negate the elements of the offenses or alter the jury's verdict, and therefore do not satisfy Rule 33's stringent standard.

## VI.     Conclusion

The defendant's motion for a new trial should be denied for the reasons stated herein.

Respectfully submitted this 17th day of February, 2026.

> A. TYSEN DUVA
> Assistant Attorney General
>
> LORINDA I. LARYEA
> Chief, Criminal Division, Fraud Section
> U.S. Department of Justice
>
> *s/ Jennifer L. Bilinkas*
> Jennifer L. Bilinkas
> John J. Liolos
> Trial Attorneys
> U.S. Department of Justice
> Criminal Division, Fraud Section
> 1400 New York Avenue, NW
> Washington, DC 20005
> E-mail: Jennifer.bilinkas@usdoj.gov
> E-mail: john.liolos@usdoj.gov
> Attorneys for the United States

## CERTIFICATE OF SERVICE

      I hereby certify that on this 17th day of February, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed this document to the following address:

**Francis Joseph # 25 04143**
Pike County Correctional Facility
175 Pike County Blvd.
Lords Valley, PA 18428

                                            *s/ Jennifer L. Bilinkas*
                                            Jennifer L. Bilinkas
                                            Trial Attorney
                                            U.S. Department of Justice
                                            Criminal Division, Fraud Section
                                            1400 New York Avenue, NW
                                            Washington, DC 20005
                                            Tel: (202) 305-3928
                                            E-mail: jennifer.bilinkas@usdoj.gov