IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Criminal Action No. 21-cr-00083-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCIS F. JOSEPH,

    Defendant.

## ORDER ON MOTIONS

    This matter is before the Court on two *pro se* motions of Defendant ("Joseph"). The first is his Motion to Appoint Counsel (hereinafter the "Motion to Appoint") (ECF No. 205). The second is his Motion to Release Grand Jury Proceedings (hereinafter the "Grand Jury Motion") (ECF No. 206). The Court has not requested a Response from the government as it deems none to be necessary for a proper resolution. For the reasons set forth below, these motions are DENIED.

    The Motion to Appoint is based on phone conversations Joseph allegedly had with (i) his bankruptcy lawyer about various adversary proceedings related to Springs Medical Associates and pending in the U.S. Bankruptcy Court for the District of Colorado and (ii) the lawyer for the trustee about proceedings against Eric Papalini ("Papalini") both in a Colorado bankruptcy case (No. 20-17026)[1] and in a civil case filed in the Middle District of California. In these

---

[1] Joseph misnumbers the case in the Motion to Appoint as 20-17926.

conversations, Joseph was allegedly told that Papalini had filed certain matters with the court "under seal" and subject to a protective order. Joseph was told that these documents would not be provided to or discussed with him without a court order. Stymied, Joseph proclaims that counsel should be appointed, "Given the totality of post-verdict facts that have developed and that are developing and the need for an evidentiary hearing on these complex issues."

To say that Joseph is putting the cart before the horse would be putting it mildly. His cart is so far ahead that the horse cannot even catch up at full gallop. All that is pending before this Court is a Rule 33 motion for a new trial. Briefing is not yet complete. No hearing has been set. No hearing has even been determined to be necessary. Joseph is not entitled to counsel in any pending matter. And the Court will not appoint counsel to fish through the records of other courts for Joseph in the hopes that Joseph will find something that he considers to be useful.

The Grand Jury Motion is wholly without proper basis, and it does not develop a proper basis through Joseph's theatrical use of grossly oversized fonts. Joseph seeks post-conviction disclosure of grand jury materials to answer two questions: (i) "What did Papalini tell the Grand Jury to get Dr Francis Joseph indicted and under what authority of Springs Medical Associates (SMA)?" and "Why wasn't Papalini prosecuted?" Neither of these inquiries is relevant to any matter currently pending before this Court. Moreover, Joseph's mere desire to put these matters before a trial jury is insufficient to overcome the presumption of grand jury secrecy. And again, no determination has yet been made as to whether any new trial will or will not be ordered.

Both the Motion to Appoint and the Grand Jury Motions are premature, frivolous and without legal basis. Accordingly:

It is hereby ORDERED:

That the Motion to Appoint (ECF No. 205) and the Grand Jury Motion (ECF No. 206) are DENIED.

DATED this 18th day of February, 2026.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge